# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CEDILLO,<br><br>   Petitioner,<br><br> v.<br><br>C. BATES,<br><br>   Respondent. | Case No. 1:21-cv-00567-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

  Petitioner John Cedillo is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the instant petition fails to state a cognizable federal habeas claim, the undersigned recommends dismissal of the petition.

**I.**

**DISCUSSION**

  Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

1    Here, Petitioner challenges the state courts' denial of his petition for relief pursuant to
2    Senate Bill 136, which "amends the circumstances under which a one-year sentence
3    enhancement may be imposed under section 667.5, subdivision (b)." People v. Lopez, 42 Cal.
4    App. 5th 337, 339 (2019). Whether Petitioner is entitled to relief under Senate Bill 136 is an
5    issue of state law. Petitioner may not "transform a state-law issue into a federal one merely by
6    asserting a violation of due process.[1] We accept a state court's interpretation of state law, and
7    alleged errors in the application of state law are not cognizable in federal habeas corpus."
8    Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). Accord Estelle v.
9    McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal habeas corpus
10   relief does not lie for errors of state law.' Today, we reemphasize that it is not the province of a
11   federal habeas court to reexamine state-court determinations on state-law questions." (citations
12   omitted)).

Accordingly, Petitioner's challenge of the state courts' denial of his petition for relief pursuant to Senate Bill 136 is not cognizable in federal habeas corpus and the petition should be dismissed.

**II.**

**RECOMMENDATION & ORDER**

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to state a cognizable federal habeas claim.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file

---

[1] Although Petitioner also lists due process and equal protection as grounds for relief, the "supporting facts" for these grounds provided by Petitioner merely state that "Petitioner has proceeded through all attending state courts" and that he "is not procedurally barred by untimeliness," which implicate exhaustion and the statute of limitations rather than due process or equal protection. (ECF No. 1 at 4–5).

written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 30, 2021**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE